## GARLAND v. UNITED STATES.
### No. 11604.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1946.

Writ of Certiorari Denied March 3, 1947.

See 67 S.Ct. 866.

———•———

Hayden C. Covington, of Brooklyn, N. Y., and Tom S. Williams, of San Antonio, Tex., for appellant.

J. M. Burnett, U. S. Atty., and Henry W. Moursund, Sp. Asst. to the Atty. Gen., both of San Antonio, Tex., and Holvey Williams, Asst. U. S. Atty., of El Paso, Tex., for the United States.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

A jury being waived in writing, the appellant was tried by the court and found guilty as charged. The indictment alleged that on June 11, 1945, being a person required to comply with the provisions of the selective service law, the appellant knowingly failed, refused, and neglected to report to his local board for induction into the armed forces of the United States after having been theretofore duly notified so to report on said date.·

Two witnesses testified for the Government, both oral and documentary evidence being introduced. Every allegation in the indictment was proved by competent evidence, which was not impeached in any manner. No witness was introduced for the appellant, and no evidence was offered in his behalf, although in the court below and in this court he was represented by counsel. At the close of the evidence, the Government rested and the attorney for the defendant said: "The defendant rests, your Honor." Both sides submitted the case without argument, saying they did not think it was necessary.

The court below placed no restrictions upon the defendant in presenting his defense. He made no proof even tending to show that the local board did not have jurisdiction to order him to report for induction into the armed forces of the United States. He was given a fair hearing and his procedural rights were not violated in any way.

The appellee contends that this case falls directly within the holding of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, because the selective service process had not been completed and the appellant failed to exhaust his administrative remedy; but we do not consider this point, since the court below tried this case under the doctrine announced in the decision of Estep v. United States, 327 U.S. 114, 66 S. Ct. 423. The defendant was allowed to attack all proceedings of the board, and no evidence was produced tending to show that the board was biased or prejudiced against the defendant or that its action was arbitrary.

The judgment appealed from is

Affirmed.